**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

|  |  |  |
|---|---|---|
| ORAN C. RILEY, JR., | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 1:09-CV-0102-C |
|  | § | ECF |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| Defendant. | § | Assigned to U.S. Magistrate Judge |

**MEMORANDUM ORDER AND OPINION**

**THIS CASE** is before the court upon Plaintiff's complaint filed June 16, 2009, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's applications for disability insurance benefits and for supplemental security income ("SSI") benefits under Title II and Title XVI of the Social Security Act. Plaintiff filed a brief in support of his complaint on March 29, 2010,[1] Defendant filed a brief on April 27, 2010, and Plaintiff filed his reply on May 7, 2010. The parties consented to having the United States magistrate judge conduct all further proceedings in this case on June 24, 2009 (Doc. 4), and January 4, 2010 (Doc. 16). This court has considered the pleadings, the briefs, and the administrative record and finds that the

---

[1] Plaintiff termed his brief a motion for summary judgment with brief in support. However, as the court had already notified the parties, the court finds the interests of both parties and the interests of judicial economy and conservation of judicial resources will be accomplished by considering and briefing Social Security cases brought pursuant to 42 U.S.C. § 405(g) as appeals, rather than addressing them as cross-motions for summary judgment. Therefore, Plaintiff's motion and brief were treated as his brief in accordance with the briefing scheduling order entered by the court.

Commissioner's decision should be reversed and that this case should be remanded for further administrative proceedings.

## I. STATEMENT OF THE CASE

Plaintiff filed applications for disability insurance benefits and for SSI benefits on March 6, 2006, alleging disability beginning December 28, 2003. Tr. 13. Plaintiff's applications were denied initially and upon reconsideration. Tr. 13, 41-50, 56-63. Plaintiff filed a Request for Hearing by Administrative Law Judge on January 8, 2007, and this case came for hearing before the Administrative Law Judge ("ALJ") on October 31, 2007. Tr. 13, 24-36, 64-65. Plaintiff, represented by an attorney, testified in his own behalf. Tr. 27-35. Michael Driscoll, a vocational expert ("VE"), appeared but did not testify. Tr. 13. The ALJ issued a decision unfavorable to Plaintiff on February 28, 2008. Tr. 9-20.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. He found that Plaintiff met the disability insured status requirements through at least December 31, 2004, and Plaintiff had not engaged in substantial gainful activity at any time since December 28, 2003. Tr. 13-14, 19. Plaintiff has "severe" impairments, including low back pain due to degenerative disc disease of the lumbar spine, a history of ventral hernia with repair, and peripheral neuropathy due to diabetes mellitus. Tr. 14, 19. Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. *Id*. Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform his past relevant work or other work existing in the national economy.

The ALJ found that Plaintiff could not return to his past relevant work as a heavy equipment operator and an auto paint and body man. *Id*. He noted that Plaintiff was considered a "younger individual" with a G.E.D. 20 C.F.R. §§ 416.963, 416.964; Tr. 19.

The ALJ found that, prior to August 30, 2006, Plaintiff had the RFC to perform the exertional requirements of sedentary work activity and was not disabled as of or prior to December 31, 2004, the date Plaintiff last met the insured status requirements. Tr. 20. The ALJ further found that, beginning August 30, 2006, Plaintiff's RFC was reduced to less than sedentary work and, therefore, Plaintiff has been under a "disability" since August 30, 2006, but not prior thereto. The ALJ finally found that the component of the Social Security Administration responsible for authorizing SSI payments will advise Plaintiff regarding the nondisability requirements for these payments and, if eligible, the amount and the month(s) for which payment will be made and recommended that because of anticipated medical improvement, Plaintiff's medical condition be re-evaluated two years from the date of his decision. *Id*.

Plaintiff submitted a Request for Review of Hearing Decision/Order on May 7, 2008. Tr. 7-8. After granting a 45-day extension, the Appeals Council denied Plaintiff's request and issued its opinion on April 20, 2009, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. 1-6. The ALJ's decision, therefore, became the final decision of the Commissioner.

On June 16, 2009, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled prior to August 30, 2006.

## II. STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ issued a partially favorable decision, finding that as of August 30, 2006, Plaintiff was no longer able to perform sedentary level work activity and was disabled as of that date. Tr. 19-20. However, Plaintiff's insured status was last met on December 31, 2004. Tr. 20. The ALJ therefore found that Plaintiff was not entitled to a period of

disability or disability insurance benefits, but was disabled, as of March 6, 2006, the day he filed for SSI benefits. *Id.*

### III. DISCUSSION

Plaintiff claims that the ALJ's decision is not supported by substantial evidence in the record. He argues that the ALJ erred in making his RFC finding, failed to make a credibility determination, failed to consider Plaintiff's inability to pay for further treatment, erred in finding that Plaintiff was disabled as of August 30, 2006, and failed to carry his burden at step five to identify that work existed in the national economy that Plaintiff could perform.[2]

The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

**1. Whether the ALJ erred in making his credibility determination.**

Plaintiff argues that the ALJ erred in making his credibility determination by failing to follow the appropriate two-step process and by failing to set forth a detailed analysis.

Pursuant to SSR 96-7p, the adjudicator is required to go through a two-step process in evaluating a claimant's symptoms. The ALJ must first:

> consider whether there is an underlying medically determinable physical or mental impairment . . . that could reasonably be expected to produce the individual's pain or other symptoms . . . . Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. For this purpose, whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by

---

[2] Plaintiff raised additional claims of error in his reply. These claims are not properly before the court and are not reached herein.

> objective medical evidence, the adjudicator must make a finding on the credibility
> of the individual's statements based on a consideration of the entire case record.

SSR 96-7p.

The ALJ may consider various factors in assessing a claimant's credibility, including the individual's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; any palliative measures used to relieve pain or other symptoms; and any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. *Id*.

The ALJ may discount subjective complaints of pain as inconsistent with other evidence in the record. *See Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (citing *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991) (citation omitted)). The subjective testimony of Plaintiff must be weighed against the objective evidence of medical diagnosis. *Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987) (citing *Jones v. Heckler*, 702 F.2d 616, 621 n.4 (5th Cir. 1983)). Subjective evidence need not take precedence over objective evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (citing *Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir 1988)). Moreover, a factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence. *Villa*, 895 F.2d at 1024 (citing *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987).

The ALJ's opinion does not contain a credibility determination, nor is there a discussion as to the weight ascribed to Plaintiff's subjective complaints. The court finds that the ALJ erred by

failing to make a credibility determination. Moreover, this error is prejudicial and has a cumulative effect.

Plaintiff alleges that the RFC determination is not supported by substantial evidence. The term "residual functional capacity assessment" describes an adjudicator's finding about the ability of an individual to perform work-related activities. SSR 96-5p (July 2, 1996) ("SSR 96-5p"). The RFC assessment is based upon "*all* of the relevant evidence in the case record," including, but not limited to, medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. Soc. Sec. Ruling 96-8p (July 2, 1996) ("SSR 96-8p") (emphasis in original). The ALJ is responsible for determining a claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making the RFC assessment and in determining the limitations imposed by a claimant's impairment(s), the ALJ is instructed to consider the entire record. SSR 96-8p.

In making his RFC assessment, the ALJ found that Plaintiff retained the RFC to perform sedentary level work before August 30, 2006. However, the ALJ did not specify the basis for this finding. He noted Plaintiff's subjective complaints and the findings of Dr. Jerry Biddix. However, it is unclear from the ALJ's opinion what weight, if any, was given to the opinions of Plaintiff's treating physician, what weight was given to Plaintiff's subjective complaints, or the degree to which the ALJ considered Plaintiff's inability to pay for additional medical treatment. The ALJ did not indicate the basis for the functional limitations found – specifically a limitation to sedentary level work activity. The ALJ also did not address Plaintiff's ability to perform the various requirements of sedentary level work.

Having considered the ALJ's opinion and the evidence as a whole, the court finds that the ALJ committed errors in making his credibility determination and in formulating the RFC finding.

These errors are prejudicial and require a remand for further administrative proceedings. Upon remand, the ALJ should further consider Plaintiff's credibility and his RFC.

The court does not reach Plaintiff's additional claims of error.

## IV.    CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, this court finds that the ALJ erred and that the ALJ's opinion is not supported by substantial evidence in the record, that the Commissioners's decision should be reversed, and that this case should be remanded for further proceedings in accordance with this recommendation.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner denying Plaintiff's application for a period of disability insurance benefits is **REVERSED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED**. Upon remand, the ALJ should further consider Plaintiff's credibility and his RFC.

A judgment in accordance with this decision shall be entered.

**SO ORDERED.**

DATED this 15th day of March, 2011.

_____
**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**